Middleton, J.1
The sole question raised in this court is whether this bause of action is barred by the two-year statute, of limitations. The plaintiff urges that even though service was not had upon the defendant within two years from May 30, 1948, the cause of action was not barred for one or more of three reasons.
The first reason urged is that the defendant was absent from the state of Ohio for certain periods during the two-year period following May 30, 1948, during which periods of absence the statute was tolled. Upon that issue the Court of Appeals found against the plaintiff and with that conclusion this court agrees. There was no evidence of absence of the defendant from the state of Ohio such as would toll the statute.
The second reason urged by the plaintiff is that the defendant concealed himself so that service of summons could not be made upon him. Upon that issue also the Court of Appeals found against the plaintiff. Upon a thorough study of the entire transcript by this court, we find no evidence of such concealment and we agree also with the conclusion of the Court of Appeals upon that issue.
The third reason urged by the plaintiff to escape the bar of the statute of limitations is that on the petition which was filed in Lorain county, the plaintiff failed otherwise than upon the merits inasmuch as that petition was dismissed by the court on September 9, 1950, *382 on its own initiative, for want of service, and that consequently under the provisions of Section 11233, General Code (Section 2305.19, Revised Code), the plaintiff had the right to commence an action within one year after that date. The Court of Appeals upon that issue sustained the plaintiff and held that under the circumstances above outlined the plaintiff had the right to commence an action within one year after September 9, 1950; that the filing of an amended petition in Cuyahoga county on November 1, 1950, constituted such commencement of a new action; that service through the Secretary of State in accordance with the Ohio statutes upon the then nonresident defendant constituted valid service; and that the Common Pleas Court of Cuyahoga County had jurisdiction to try the case and render judgment therein.
Section 11233, General Code (Section 2305.19, Revised Code), so far as pertinent, reads as follows:
“In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date * * V’
Three other sections of the Code require some attention.
Section 11230, General Code (Section 2305.17, Revised Code), provides:
“An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him * * V* (Emphasis supplied.)
Section 11231, General Code (Section 2305.17, Revised Code), provides:
“Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent *383 to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days.” (Emphasis supplied.)
Section 11279, General Code (Section 2703.01, Revised Code), provides:
“A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon.”
Although not of controlling importance in the case, it is also to be noted that under the provisions of Section 11286, General Code (Section 2703.08, Revised Code), service of summons upon the defendant is authorized, “by leaving a copy at his usual place of residence.” This comment is made merely to indicate that residence service could have been made upon the defendant at any time while he resided in Cuyahoga county and to negative any theory that personal service was required.
Although under Section 11279 an action must be commenced by the filing of a petition and causing a summons to be issued thereon, the effectiveness of such filing in order that the action may be deemed commenced is governed by Section 11230. That section provides in clear language that the action shall be deemed to be commenced only at the date of the summons which is served on the defendant. As to the petition which was filed in Lorain county on May 29, 1950 (one day before the expiration of two years from the date of the accident), there was no service of summons. Therefore, it cannot be said that an action was ever deemed to be commenced in Lorain county. In other words, notwithstanding the filing of the petition and the issuance of summons, no case ever matured in Lorain county to the point where the court had any jurisdiction over the defendant or had any power to make any order based upon the allegations of the peti *384 tion so filed. There was no pending case to be “dismissed. ’ ’ Although on the Lorain county court docket there appears the words, “dismissed without prejudice,” what that court did was merely to strike the petition from the files. It is common knowledge that after service of summons and even after the filing of an answer a case may be “dismissed” for want of prosecution. Such would be a genuine dismissal because such case would be pending and the court would have jurisdiction over it. It seems axiomatic that a nonexistent case can not be dismissed. In the present instance, for lack of service, no case came into existence in Lorain county. Therefore, as to the petition filed in Lorain county we hold that the plaintiff did not fail “otherwise than upon the merits.” The plaintiff simply never had a pending case in Lorain county.
It is urged, however, that under the provisions of Section 11231 the plaintiff is entitled to claim the equivalent of commencement of the action because the plaintiff made an attempt to commence an action. Such contention ignores the limiting provision of that section which is that the attempt to commence an action is equivalent to its commencement only if the party diligently endeavors to procure service and “if such attempt be followed by service within sixty days.” We again repeat that no service was procured as to that petition within sixty days or at any other time.
Such being the case, it is manifest that the filing of the amended petition in Cuyahoga county in November of 1950 or even the filing of a new petition at that time, had such been done, was not authorized by either Section 11231 or Section 11233. The statute of limitations had run at the end of two years from May 30, 1948, and there were no circumstances which extended that time for filing the petition. It follows that the answer of the defendant to the petition which pleaded the statute of limitations set up a valid defense. The *385 evidence adduced supported the allegations of the answer, and the motion of the defendant for a directed verdict in his favor made at the close of plaintiff’s evidence and again at the close of all the evidence should have been sustained.
The judgment of the Court of Appeals is reversed and final judgment is rendered for the defendant.

Judgment reversed.

Weygandt, C. J., Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.